UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BLANCA PATRICIA REYNA, RAUL VILLALPANDO-VALLE, and ANA MARIA ALONSO-MANZO,

Defendants.

Criminal Case No. 07-MJ-2815-RBB

**FINDINGS OF FACT AND ORDER OF DETENTION**

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on December 11, 2007, to determine whether defendant Ana Maria Alonso-Manzo (the "Defendant") should be held in custody pending trial, on the grounds that Defendant is a flight risk. Assistant U.S. Attorney George Manahan appeared on behalf of the United States; attorney James Winston Gleave appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and Defendant, the pretrial services report, and the complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

/ / /

/ / /

# I.

## FINDINGS OF FACT

**A. Nature and Circumstances of the Offense Charged (18 U.S.C.§ 3142(g)(1))**

1. Defendant is charged in a complaint with one count of importation of cocaine -- 7.45 kilograms -- in violation of 21 U.S.C. §§ 952 and 960.

2. Because a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. 18 U.S.C. § 3142(e).

3. If convicted of this charge, the Defendant faces a mandatory minimum sentence of 10 years imprisonment. 21 U.S.C. § 960(b)(1)(B).

4. Therefore, the Court finds the nature and circumstances of the offense charged weighs in favor of detention.

**B. Weight of the Evidence Against the Defendant (18 U.S.C.§ 3142(g)(2))**

1. On December 4, 2007, Defendant entered the United States from Mexico at the San Ysidro, California port of entry, as a passenger in a 2006 Scion XB Sports Utility Vehicle.

2. Insider the vehicle was 7.45 kilograms of cocaine.

3. While admittedly the least important factor, the Court finds that probable cause exists that the defendant committed the instant offense and that this factor weighs in favor of detention.

**C. History and Characteristics of the Defendant (18 U.S.C.§ 3142(g)(3))**

1. Due to the lack of evidence with regard to Defendant's character, this factor is treated as neutral by the Court;

2. Due to the lack of evidence with regard to Defendant's physical and mental condition, this factor is treated as neutral by the Court;

3. Because most of Defendant's family ties are in Mexico, this factor weighs in favor of detention;

4. Because Defendant is employed in Mexico, this factor weighs in favor of detention;

5. Because Defendant has no financial ties to the community, this factor weighs in favor of detention;

6. Because Defendant is a citizen of Mexico, the length of residence in the community factor weighs in favor of detention;

7. Defendant's community ties and past conduct are viewed as neutral and/or duplicative by the Court;

8. Because there is no evidence that Defendant has a problem with drug or alcohol abuse, this factor weighs in favor of setting bail;

9. Because Defendant has no significant criminal history, this factor weighs in favor of setting bail;

10. Because of Defendant's lack of a criminal history, she has not had the opportunity to establish a record concerning appearance at court proceedings, and therefore the Court regards this factor as neutral.

**II.**

**REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offense charged in the Criminal Complaint, namely, importation of 7.45 kilograms of cocaine in violation of 21 U.S.C. §§ 952 and 960.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint; specifically, she faces a potential mandatory minimum sentence of 10 years' imprisonment. She therefore has a strong motive to flee.

C. Defendant has not rebutted the presumption, based upon the Court's finding there is probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 951 et seq.), that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings. Rather, the Government has carried its burden of establishing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

**III.**

**ORDER**

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: December 13, 2007

The Honorable Ruben B. Brooks
United States Magistrate Judge

Prepared by:

s/George V. Manahan
George V. Manahan
Assistant U.S. Attorney